## 2938. TEASLEY & COMPANY *v.* RAY.

A contract of suretyship does not arise from a writing in which the signer merely expresses his willingness to stand security for a person to whom credit is subsequently extended.

DECIDED SEPTEMBER 11, 1911.

Appeal; from Hart superior court—Judge Meadow. August 20, 1910.

*A. A. McCurry, A. S. Skelton,* for plaintiffs in error.

*James H. Skelton,* contra.

RUSSELL, J. Ray sued Cheek and Teasley & Company for the price of certain fertilizer. He showed that the fertilizer had been delivered to Cheek by him, and testified that he delivered it upon the strength of the following letter: "To whom it may concern: Mr. I. W. Cheek wants about two and one half tons of good guano. He was to get it from us, but we are out. He is all right, and will pay for it if anybody will let him have it at Airline, Ga. We would not hesitate, if so desired, to go his security for it, as we do not want him put to any more trouble in getting it than possible. [Signed] T. W. Teasley & Co." The court instructed the jury that if Ray acted on faith of this letter, it was adequate to bind Teasley & Company (which, by the way, was merely a trading name for T. W. Teasley, there being no other partner in the company) as security. We think that the letter was no more than a written recommendation; but even if the last sentence of the letter could be construed as more than a recommendation, we do not think that it is capable of being construed as more than an offer to stand security,—that is, to be jointly liable with Cheek upon a contract afterward to be made. The language of the contract in the case cited in Brandt on Suretyship and Guaranty (3d ed.), § 148, is even stronger than the language here expressed, yet in that case it was held that a contract of suretyship did not arise. As the matter is there stated, "A party wrote a letter introducing another, stating that he wanted to purchase a certain amount of goods, and concluding, 'I consider him perfectly good, and, if required, will indorse for him to that amount.' Held, he was not liable for goods sold on the strength of this letter, unless he had been requested to indorse, and had refused. The guaranty was conditional, to be created by

indorsement, if required, *and the protection of the party writing the letter may have depended upon the form of the security."* (Italics ours.)

*Judgment reversed.*